RECEIVED

2016 APR 22  P 3: 15

DEBRA P. HACKE~~UNITED~~ STATES DISTRICT COURT
U.S. DISTRICT C~~MIDDLE~~ DISTRICT OF ALABAMA
MIDDLE DISTRICT ALA

GOLDEN RULE FASTENERS, INC.,

    Plaintiff,

v.

DEKS NORTH AMERICA, INC.

    Defendant.

CIVIL ACTION NO. 2:16-CV-289-WKW-SRW

**JURY TRIAL DEMANDED**

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Golden Rule Fasteners, Inc. (hereinafter, "Plaintiff" or "Golden Rule"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Deks North America, Inc. (hereinafter, "Defendant" or "Deks") as follows:

### NATURE OF THE ACTION

1.    This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patents Numbers 8,464,475 (hereinafter, the "'475 Patent") and 8,534,002 (hereinafter, the "'002 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibits A** and **B**, respectively. Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

2.    Golden Rule is a corporation organized and existing under the laws of the State of Alabama and maintains its principal place of business at 5290 Alabama Highway 229 South, Tallassee, Alabama, 36078 (Elmore County).

3.     Based upon public information, Defendant is a corporation duly organized and existing under the laws of the Illinois and has its principal place of business (corporate headquarters) located at 2700 West Roosevelt Road, Chicago, Illinois 60608 (Cook County). Defendant may be served in Chicago, Illinois at its corporate headquarters (Cook County). Defendant has been registered with the Illinois Secretary of State since on or around May 24, 2013, and may be served through its registered agent, James Sharp, who is located at 2700 West Roosevelt Road, Chicago, Illinois 60608.

4.     Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises it products under the Deks's Shingle Roof Flashing, Dektite SHR product line, including the Dektite® SHR. *See* **Exhibits D-F.**

## JURISDICTION AND VENUE

5.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.     The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Alabama and in the Middle District of Alabama; Defendant has purposefully availed itself of the privileges of conducting business in the State of Alabama and in the Middle District of Alabama; Defendant has sought protection and benefit from the laws of the State of Alabama; Defendant regularly conducts business within the State of Alabama and within the Middle District of Alabama, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Alabama and in the Middle District of Alabama.

7.     More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Alabama, and the Middle District of Alabama. Based upon public information, Defendant has committed patent infringement in the State of Alabama and in the Middle District of Alabama. Defendant solicits customers in the State of Alabama and in the Middle District of Alabama. Defendant has many paying customers who are residents of the State of Alabama and the Middle District of Alabama and who use Defendant's products in the State of Alabama and in the Middle District of Alabama. Moreover, Defendant has and does sell and offer for sale the Accused Products and Services (defined below) in the Middle District of Alabama (Montgomery, AL). *See* **Exhibit C** (packing slip from Defendant related to sale of Accused Products and Services in Montgomery, AL, dated February 29, 2016).

8.     Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.     The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on June 18, 2013 (the '475 Patent), and September 17, 2013 (the '002 Patent) after full and fair examinations. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website http://www.deks.com.au, through which Defendant advertises, sells, offers to

sell, provides and/or educates customers about its products and services, including but not limited to the following products and related services (the "Accused Products and Services"): Deks's Shingle Roof Flashing, Dektite SHR product line, including the Dektite® SHR. *See* **Exhibits D-F**.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,464,475**

11.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '475 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Deks's Shingle Roof Flashing, Dektite SHR product line, including the Dektite® SHR. Based upon public information, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '475 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe may not be possible, including at least the Accused Products and Services, which include a "[p]ipe OD Range 0-6" ([c]learly marked cutting grooves)" having "[b]ase [d]imensions: 15" x 15"" that are "made from proprietary Polymer material." **Exhibit F**; *see also,* **Exhibits D** and **E**. For example, Defendant provides flashings that meet each and every limitation of Claim 1 as shown in the pictures of the Accused Products and Services below:



Figure 1. *Id.*



Figure 2 – Front view of DEKS SHR.



Figure 2 – Front view of DEKS SHR.



Figure 3 – Side view of DEKS SHR.



Figure 4 – Side view of DEKS SHR.



Figure 5 – Front view of DEKS SHR.



Figure 6 – View Retrofit Application Instructions affixed to DEKS SHR.



Figure 7 – Close up view of DEKS SHR.

Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.,* **Exhibits D-F.**

13.     Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '475 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged,

instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '475 Patent as early as April 4, 2016 (see **Exhibit G**, which is a cease and desist letter to Deks and proof of delivery), Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '475 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '475 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See e.g.* **Exhibits D-F**. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing comprising the Accused Products and Services. *See e.g.* **Exhibits D-F**. Additionally, Defendant provides specific instructions on the packaging for the Accused Products and Services. *See* **Figure 6**. Moreover, Defendant also installed the Accused Products and Services and shows a picture of it installed on its website. *See* **Figure 1**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff, and Defendant's infringement was willful. Defendant willfully acted despite an

objectively high likelihood that its actions constituted infringement of the Patents-in-Suit and this objectively high risk was either known or so obvious that it should have been known to Defendant.

15.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16.     Defendant's infringement of Plaintiff's rights under the '475 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,534,002**

17.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

18.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Deks's Shingle Roof Flashing, Dektite SHR product line, including the Dektite® SHR. Based upon public information, Defendant has infringed and continues to infringe one or more claims, including Claim 1, of the '002 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe may not be possible, including at least the Accused Products and Services, which include a "[p]ipe OD Range 0-6" (Clearly marked cutting grooves)" having "[b]ase [d]imensions: 15" x 15"" that are "made from proprietary Polymer material." **Exhibit F**; *see also,* **Exhibits D** and **E**. For example, Defendant provides flashings that

meet each and every limitation of Claim 1 as shown in the pictures of the Accused Products and Services below:



Figure 1

*Id.*



Figure 2 – Front view of DEKS SHR.



Figure 2 – Front view of DEKS SHR.



Figure 3 – Side view of DEKS SHR.



Figure 4 – Side view of DEKS SHR.



Figure 5 – Front view of DEKS SHR.



Figure 6 – View Retrofit Application Instructions affixed to DEKS SHR.



Figure 7 – Close up view of DEKS SHR.

Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States. *See, e.g.*, **Exhibits D-F.**

19.     Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '002 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '475 Patent as early as April 4, 2016 (see **Exhibit G**, which is a cease and desist letter to Deks and proof of delivery), Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '002 Patent. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '002 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. *See, e.g.,* **Exhibits D-F**. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing comprising the Accused Products and Services. *See e.g.* **Exhibits D-F**. Additionally, Defendant provides specific instructions on the packaging for the Accused Products and Services. *See* **Figure 6**. Moreover, Defendant also installed the Accused Products and Services and shows a picture of it installed on its website. *See* **Figure 1**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would

induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff, and Defendant's infringement was willful.   Defendant willfully acted despite an objectively high likelihood that its actions constituted infringement of the Patents-in-Suit and this objectively high risk was either known or so obvious that it should have been known to Defendant.

21.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22.     Defendant's infringement of Plaintiff's rights under the '002 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

24.     Plaintiff respectfully requests the following relief:

    A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

    B.     An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C.    A finding that Defendant's infringement was willful;

D.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial and an award of treble damages for Defendant's willful infringement;

E.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

F.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G.    Any further relief that this Court deems just and proper.

Dated: April 22, 2016                          Respectfully submitted,

Travis E. Lynch, Esq.
Alabama Bar No. ASB-7232-M20F
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0867
Facsimile: (205) 547-5515
Email: tlynch@hgdlawfirm.com

*Liaison Counsel for Plaintiff*

James F. McDonough, III (Bar No. 117088, GA)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869
Facsimile: (205) 547-5504
Email: jmcdonough@hgdlawfirm.com

*Attorneys for Plaintiff*
*Golden Rule Fasteners, Inc.*