IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GOLDEN RULE FASTENERS, INC.,    )
                                )
                Plaintiff,      )
                                )
v.                              )    CASE NO. 2:16-CV-289-WKW
                                )              [WO]
DEKS NORTH AMERICA, INC.,       )
                                )
                Defendant.      )

## ORDER

Before the court is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.  (Doc. # 2.)  To the extent that Plaintiff seeks a temporary restraining order, the motion is due to be denied.

A temporary restraining order is an extraordinary form of relief.  Such an order should issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the injunction is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest.  *See AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1049 (Fed. Cir. 2010).[1]  Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to

---

[1] The grounds for issuance of a temporary restraining order are the same as those governing the issuance of a preliminary injunction.  *Parker v. State Bd. Of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

the nonmoving party only if (a) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (b) the moving party certifies in writing the efforts it has made to notify the nonmoving party and the reasons notice should not be required.  Fed. R. Civ. P. 65(b)(1).  Plaintiff fails to show that it is entitled to this extraordinary remedy.

Plaintiff Golden Rule Fasteners, Inc. ("Golden Rule") manufactures roofing materials.  In support of this application for injunctive relief, Golden Rule alleges that Defendant DEKS North America, Inc. ("DEKS") manufactures a roof flashing product that is virtually identical to Golden Rule's GoldenSeal Retrofit Flashing and Residential ZipSeal products.   Golden Rule further alleges that DEKS, by manufacturing these similar products, is infringing upon two Golden Rule patents.

To show that it will suffer immediate and irreparable harm in the absence of a temporary restraining order, Golden Rule contends that (1) DEKS is its direct competitor, (2) DEKS is eroding its market share, (3) DEKS is devaluing its intellectual property rights, and (4) it will be difficult or impossible for it to obtain a money judgment from DEKS.  Though these representations are probative of the potential for irreparable harm, they do not admit of the sort of injury necessary to justify a temporary restraining order.

First, Golden Rule fails to show how the issuance of a temporary restraining order is necessary to prevent immediate injury.  It has been aware for almost a year

that DEKS manufactures similar products.  Counsel for Golden Rule also recently communicated his concerns about potential infringement to counsel for DEKS, who responded that she would initiate an investigation of Golden Rule's claims.  Rather than preserving the status quo, a temporary restraining order, if issued under these circumstances, would result in significant alteration of business operations and market dynamics that have been in existence for a substantial period of time.

Second, concerns about market share and competition, though legitimate, do not outweigh DEKS's interest in maintaining its business operations.  Even a temporary cessation of manufacturing and sales activity might result in devastating injury to DEKS.  Golden Rule's motion fails to address the magnitude of this potential harm to DEKS and the way it factors into this equitable calculus.  Though Golden Rule faces the specter of ongoing competition, this threat is insufficient to indicate that the balance of the equities weighs in its favor.

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 1) is DENIED.  It is further ORDERED that Plaintiff's motion for a preliminary injunction (Doc. # 1) is referred to the Magistrate Judge for further proceedings and a recommendation.

DONE this 25th day of April, 2016.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE